## Fox v. The Davenport Nat. Bank.

1. **Banks and Banking:** FAILURE TO RETURN DRAFT: DAMAGES: BURDEN OF PROOF: QUESTION FOR JURY. Under instructions given by the court, and not excepted to, in this case, the issue was as to defendant's liability for negligence in failing to return to plaintiff, when ordered to do so, a draft sent to it for collection of the acceptors. *Held* that, in order to recover substantial damages, the burden was on plaintiff to show that he had suffered such damages by the conceded negligence; and that for this purpose it was necessary to show that the acceptors were solvent during the time the draft was held, and that, if it had been returned when ordered, plaintiff could, by legal means, have collected or secured the amount thereof; and, as these facts were not conceded, nor shown by undisputed evidence, it was error for the court to instruct the jury that " there is no question but that, under the conceded facts and undisputed evidence, the defendant is presumptively liable;" but the question of liability should have been submitted to the jury, to be determined from the evidence.

*Appeal from Scott District Court*—Hon. A. J. Leffing-well, Judge.

Wednesday, December 21.

ACTION at law. Trial by jury. Verdict for plaintiff, and judgment. Defendant appeals.

*Heinz & Hirschl*, for appellant.

*Murphy & Gould*, for appellee.

Seevers, J.—This cause was tried when the Hon. W. I. Hayes was the presiding judge, and a motion for a new trial was overruled by Hon. A. J. Leffingwell, presiding judge at that time. The plaintiff drew a draft on O'Kane & Carroll on the 20th day of October, 1885, and it was sent to the defendant for collection. The draft was accepted, and became payable on the 25th day of October, 1885. It was not paid, and it is stated in the petition that the defendant failed to return said draft, or collect the same, and that the said O'Kane & Carroll were solvent, and at all times able to pay their

debts, between the 20th day of October and the 1st day of December, 1885; but they became insolvent on or about the day last named. That if the defendant had used due diligence in the matter of presenting said draft, the same could have been collected; or had it returned said draft to the plaintiff, as it was required by the law to do, plaintiff could, by proper proceedings, have collected the same; but that, by reason of the negligence of the defendant as aforesaid, the balance due on said draft has been wholly lost to him. The foregoing, in substance, are the allegations of the first count in the petition. The allegations in the second count need not be stated. In substance, the answer denies that the defendant was negligent in failing to collect or return the draft; and denies that O'Kane & Carroll, at any time between the dates above stated, were solvent. The court properly, we think, declined to submit to the jury the question whether the defendant had been guilty of negligence in failing to present or collect the draft, but did submit to the jury whether the defendant had failed to return the draft, and in relation thereto said, in the fifth paragraph of the charge, that, "as a general proposition of law, it may be stated that, if the bank failed to return the draft when ordered, and the acceptors failed while it was so held, and consequently the amount of it was lost to the plaintiff, the bank would be liable;" and in the seventh paragraph of the charge the court said to the jury that "there is no question but that, under the conceded facts and undisputed evidence, the defendant is presumptively liable." The draft in fact was not returned to the plaintiff until the 30th day of November, 1885. As to this fact, it may be said, there is no dispute. It will be observed that the court in the fifth paragraph of the charge made the defendant's liability depend on the fact that the plaintiff ordered the draft to be returned. As this portion of the charge was not excepted to, it must be regarded as the law of the case. Therefore it is immaterial whether the defendant was liable for a failure to return the draft, in

Fox v. The Davenport Nat. Bank.

the absence of any order from the plaintiff to do so. But conceding that the defendant failed to return the draft when ordered to do so, and that O'Kane & Carroll became insolvent on the 1st day of December, 1885, does this make the defendant presumptively liable, unless, by reason of the defendant's failure to return the draft, "the amount of it was lost to the plaintiff," as stated in the fifth paragraph of the charge? We think not. The action, for the purposes of this opinion, must be conceded to be based on the negligence of the defendant in failing to return the draft. In order to recover substantial damages, the plaintiff was required to show that he had suffered such damages by the negligence of the defendant. The burden was on him. Now, the court, in substance, said he had done so, and, as this was a question for the jury, the court erred in giving the seventh paragraph of the charge. It cannot be said that it was a conceded fact, or that the undisputed evidence showed, that O'Kane & Carroll were solvent at all times between October 20 and December 1, 1885, or whether, if they were, the plaintiff could by legal means have collected or secured the amount of the draft if it had been returned when ordered.

Other errors are assigned and argued by counsel. We are inclined to think none of them were prejudicial, if conceded to have been made, unless, possibly, the evidence which was introduced tending to show that the draft was ordered to be returned after November 3, 1885. This is the only date mentioned in the petition, and possibly is the only negligence relied on therein. If so, it was incompetent to prove a fact which tends to show subsequent negligence. In view of a new trial, we deem it proper to say that, possibly, the letter written the defendant by the plaintiff on December 20, 1885, which was after the return of the draft, was prejudicial. The liability of the defendant was fixed, if at all, prior to that time, and it would therefore seem that it was immaterial.

REVERSED.